# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BENJAMIN E. VANCE, #412-850 | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-18-133 |
| WARDEN FRANK B. BISHOP and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

Petitioner Benjamin Vance filed a Petition for Writ of Habeas Corpus. ECF 1 ("Petition"). Respondents filed a "Limited Answer" (ECF 9), supported by exhibits, asserting that the Petition raises claims that have not been exhausted and that there remains an available state remedy for petitioner to litigate those claims. *Id.* Further, respondents argue that unless Vance waives review of the unexhausted claims, the Petition must be dismissed in its entirety, without consideration of the merits of any of the claims raised. *Id.*

### A. Procedural History

In the Circuit Court for Prince George's, County, Maryland, a jury convicted Vance of felony murder, armed robbery, and unlawful use of a handgun. The circuit court sentenced him to life imprisonment for felony murder, with a concurrent term of twenty years of imprisonment for unlawful use of a handgun. The armed robbery conviction was merged for sentencing purposes. ECF 9-1 at 13-14.

Vance noted a direct appeal to the Maryland Court of Special Appeals and raised the following claims:

1. Did the trial court err in denying defense counsel's *Batson* challenge where the State used all nine of its strikes against African American females?

2. Did the trial court err in preventing the admission of prior inconsistent statements made by David Hester?

3. Did the trial court err in admitting purported prior inconsistent statements made by Travis Bonner?

4. Was the evidence insufficient to sustain the conviction for use of a handgun in the commission of a felony?

5. Did the trial court err in permitting a firearms expert to use a handgun capable of firing 9-millimeter cartridges as a demonstrative [exhibit] during direct examination and [] did the trial court err in permitting the prosecutor to use a toy handgun as a demonstrative in closing argument?

ECF 9-2 at 2, 7; ECF 11 at 2-3.

On April 4, 2014, the Maryland Court of Special Appeals affirmed Vance's convictions. *Vance v. State*, No. 448, Sept. Term 2013; ECF 9-1 at 16; ECF 11-1. On June 19, 2014, the Maryland Court of Appeals denied Vance's petition for a writ of certiorari. *Vance v. State*, 238 Md. 741 (2014); ECF 9-1 at 21-22; ECF 9-2 at 116; ECF 9-3 at 2.

In a petition for writ of habeas corpus filed in the circuit court on October 20, 2014, Vance claimed that his custody was unlawful because of the manner in which the trial court disposed of his pretrial motion to suppress. ECF 9-1 at 17; ECF 9-3 at 4-6. The circuit court denied the habeas petition on November 13, 2014, without a hearing. In an unreported opinion filed on May 5, 2016, the Maryland Court of Special Appeals dismissed Vance's appeal from this ruling as barred by law. *Vance v. State,* No. 2225, Sept. Term 2014; ECF 9-3.[1]

On July 12, 2016, Vance filed a Motion for a New Trial under Md. Rule 4-331(b), alleging that the judge who granted the critical postponement that scheduled his trial beyond the

---

[1] The docket indicates that Vance filed another habeas petition on February 4, 2015. Vance does not mention this filing in his federal habeas petition, although the docket shows a habeas petition was denied on May 16, 2016. ECF 1 at 9-10; ECF 9-1 at 17-18.

180-day deadline, embodied in Maryland Rule 4-271, was not properly designated to do so by the administrative judge of the Circuit Court for Prince George's County. ECF 9-4; *see* Maryland Rule 6-103. The circuit court summarily denied the motion, without a hearing, on July 22, 2016. *Id*. The Court of Special Appeals affirmed this ruling in an unreported opinion filed on September 11, 2017. *Id*.

>Respondents summarize Vance's claims for federal habeas relief, as follows:

>>(A) the conviction was unconstitutional under *Batson v. Kentucky*, 476 U.S. 79 (1986), because the State challenged potential jurors solely on the basis of race;

>>(B) his constitutional rights were violated when the trial court admitted prior inconsistent statements;

>>(C) his constitutional rights were violated because the trial court did not rule on his motion to suppress and, as a result, unreliable identification evidence was admitted; and

>>(D) his constitutional right to a speedy trial was violated.

ECF 1; ECF 9 at 6.

Respondents acknowledge that Claim A has been properly exhausted before the state courts. But, they contend that Claims B, C, and D are not properly exhausted. ECF 9 at 11-12. Respondents argue that Claim B, as presented in state court, was based solely on state evidentiary law; thus, that claim now presented has not been properly exhausted to the extent it relies on federal law. And, respondents argue that Vance did not present claim C in state court. In regard to Claim D, respondents maintain it has not been exhausted in state court. *Id.*

**B. Analysis**

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of

3

the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the appropriate circuit court and in an application for leave to appeal to the Maryland Court of Special Appeals. *See* Md. Code (2008 Repl. Vol, 2017 Supp.), Crim. Proc. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code (2013 Repl. Vol., 2017 Supp.)., Cts. & Jud. Proc. §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11, 438 A.2d 1301, 1305 (1981).

The law is well established that a petition containing claims that have not been exhausted in the state court must be dismissed, without prejudice, to afford the petitioner the opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985). This Court has reviewed the documents submitted and concludes that there is no clear indication that Vance has exhausted available state court remedies as to the claims noted by respondents.

Vance is reminded that a one-year statute of limitations applies to this federal habeas Petition. *See* 28 U.S.C. § 2244(d).[2] The one-year period is tolled while properly filed post-

---

[2] This section provides:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Dismissal of the instant Petition could result in any future petition being outside the applicable statute of limitations.

Vance is further advised that should he waive consideration of the apparently unexhausted claim(s) and request that this court proceed with the exhausted claim, he would be barred from bringing a second petition asserting the unexhausted claims, even if he returned to state court to exhaust those claims, as he may only file a second federal habeas corpus petition if he has moved the appropriate federal circuit court for an order authorizing this court to consider the application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

### C. Conclusion

In light of the foregoing, Vance is granted twenty-eight (28) days from the date of this Order to advise how he wishes to proceed. He may proceed by waiving consideration of any unexhausted claim, recognizing that he may not later bring the now unexhausted claim without permission from the United States Court of Appeals for the Fourth Circuit. Or, he may have this

---

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Court dismiss the entire Petition, without prejudice, so that he can attempt to reopen state post-conviction proceedings, with the caveat that he may be barred from consideration of any of his claims by this Court in the future if unable to complete state court review and return for federal habeas review in a timely manner.

If Vance does not contact the Court within the time allotted, the unexhausted claims will be deemed waived and I shall consider Claim A, alleging that the conviction was unconstitutional under *Batson v. Kentucky*, 476 U.S. 79 (1986), on the ground that the state challenged potential jurors solely on the basis of race.

An Order follows.

Date: June 8, 2018 /s/
Ellen L. Hollander
United States District Judge