**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BENJAMIN E. VANCE,

   Petitioner,

   v.

WARDEN FRANK B. BISHOP, JR.,
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND,

   Respondents.

Civil Action No.:  ELH-18-133

**MEMORANDUM**

Petitioner, Benjamin Vance, a prisoner in the State of Maryland, filed for habeas corpus relief under 28 U.S.C. § 2254, challenging his conviction for murder and related offenses. ECF 1. He asserted several grounds for relief. *Id.* I denied the petition in a Memorandum Opinion and Order of May 22, 2020. ECF 16; ECF 17. In addition, I declined to issue a certificate of appealability. *Id.*

Vance noted an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 18. By unpublished per curiam opinion dated October 23, 2020 (ECF 23-1), the Fourth Circuit dismissed Vance's appeal and remanded the matter to this court for consideration of Vance's claim that "the state prosecutor discriminated based on gender in exercising peremptory challenges against prospective jurors." ECF 23-1 at 2. Because the appellate court concluded that this court did not address that claim, it viewed petitioner's appeal as "neither a final order nor an appealable interlocutory or collateral order" and remanded to this court for "consideration of the unresolved claim." *Id*.

I incorporate by reference, in its entirety, the Memorandum Opinion of May 22, 2020. *See* ECF 16. The discussion set forth below merely augments and supplements that earlier opinion.

The "unresolved claim" referenced by the Fourth Circuit is, in actuality, part of petitioner's *Batson* claim. *See Batson v. Kentucky*, 476 U.S. 79 (1986). I noted that petitioner claimed that African American women had been unlawfully excluded from the jury. *See* ECF 16 at 10. Further, in an unreported opinion (ECF 11-1), the Maryland Court of Special Appeals determined that the *Batson* claim was not preserved for appellate review and was, in any event, without merit. *Id.* at 7-10; *see* ECF 16 at 4-6, 11. The Maryland appellate court stated, ECF 11-1 at 9-10:

> We agree that [Vance's] *Batson* challenge is not preserved. "[A] defendant's claim of error in the inclusion or exclusion of a prospective juror or jurors is ordinarily abandoned when the defendant or his counsel indicates satisfaction with the jury at the conclusion of the jury selection process." *Gilchrest v. State*, 340 Md. 606, 616-18 (1995) (quoting *Mills v. State*, 310 Md. 33, 40 (1987), *vacated on other grounds*, 486 U.S. 367 (1988)); *see also State v. Stringfellow*, 425 Md. 461, 469-70 (2012) (noting that a party waives his voir dire objection going to the inclusion or exclusion of a prospective juror by unqualifiedly accepting the seated jury panel at the conclusion of the jury selection process). Here, the trial court denied the appellant's *Batson* challenge and, after the selection of two alternates, [Vance] agreed without qualification that he was satisfied with the final jury panel. [Vance's] claim, therefore, is waived. *See Foster v. State*, 304 Md. 439, 450-51 (1985). . . .
>
> However, even if this claim were preserved, we would nevertheless reject it. We consider a trial court's *Batson* decisions using a deferential standard of review. . . . This deferential standard of review applies not only to the trial court's decision at the end of a three-step *Batson* analysis, but also to the initial determination of whether or not a defendant has made a *prima facie* case. *See e.g., United States v. Martinez*, 621 F.3d 101, 109-10 (2d Cir. 2010); *State v. Taylor*, 694 A.2d 977, 980 (N.H. 1997).
>
> In this case, the trial court concluded that Vance had failed to make a *prima facie* showing of intentional discrimination, noting that eight female African Americans were members of Vance's jury and that the jury panel was "mostly" African American. The State had one more strike but did not use it, a fact that supports the trial court's decision. *See Taylor*, 694 A.2d at 980.

In my Memorandum Opinion (ECF 16), I observed that the "rejection" of petitioner's *Batson* claim by the Maryland Court of Special Appeals "does not represent an unreasonable application of federal law and therefore is not a viable basis for federal habeas relief." ECF 16 at

11. Further, this court determined that the Maryland appellate court did not err in concluding that "peremptory challenges to potential jurors of the same race is not enough alone to support a valid *Batson* challenge" . . . . *Id.* In so stating, this court considered and rejected petitioner's *Batson*.

If petitioner's *Batson* claim regarding the race of potential jurors was both unpreserved for appellate review and without merit, it follows that his claim that women of color were improperly challenged was also unpreserved and otherwise without merit. In other words, if petitioner did not have a valid *Batson* claim regarding the exclusion of African Americans generally, then he also did not have a valid claim regarding the exclusion of African American *women*. Indeed, the Maryland appellate court observed, ECF 11-1 at 8:

> The basis for [Vance's] *Batson* challenge is that the nine prospective jurors stricken by the State were female African Americans. Other than this bare statistic, the appellant tells us nothing about the composition of the venire as a whole or the racial or gender-based composition of the final jury panel of twelve plus two alternates. We know from the observation of the trial judge, however, that the final jury panel contained eight female African Americans and that the panel as a whole was mostly African American. At the end of jury selection, the State had one strike remaining, which it did not use.

In sum, this court was asked to address petitioner's *Batson* claim regarding the exclusion of African American women from the jury pool. I conclude that Petitioner's claim regarding the alleged exclusion of African American women does not present a viable basis for federal habeas relief. *See* 28 U.S.C. § 2254(d)(1); *see also Harrington v. Richter*, 562 U.S. 86, 101 (2011). And, for the reasons stated in my Memorandum Opinion of May 22, 2020 (ECF 16), I decline to issue a certificate of appealability.

A separate Order follows.

December 1, 2020               /s/
Date                           Ellen L. Hollander
                               United States District Judge